**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAXIMILIANO AGUILAR-MANZO, | No. 22-54 |
| Petitioner, | Agency No. A200-242-893 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2023[**]
San Francisco, California

Before: S.R. THOMAS and H.A. THOMAS, Circuit Judges, and RAKOFF[***],
District Judge.

Maximiliano Aguilar-Manzo petitions for review of an order of the Board

of Immigration Appeals (BIA). That order denied Aguilar-Manzo's motion to

reconsider the BIA's dismissal of his appeal of an immigration judge's denial of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reconsider "for an abuse of discretion, reversing when the denial is arbitrary, irrational, or contrary to law." *Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020) (cleaned up). We deny in part and grant in part the petition for review, and remand to the BIA to consider the factors favoring Aguilar-Manzo's petition.

1.      The BIA abused its discretion by failing to "proper[ly] consider[]. . . all factors, both favorable and unfavorable," when it reviewed Aguilar-Manzo's motion for reconsideration. *Ali v. Holder*, 637 F.3d 1025, 1032 (9th Cir. 2011) (citing *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 967–68 (9th Cir. 2006)). The BIA concluded that Aguilar-Manzo "affirmatively waived the opportunity to apply for cancellation of removal" because he "withdrew his applications for relief." But the agency erred when it failed to consider Aguilar-Manzo's contention that he withdrew his applications because he was under the mistaken impression that he had insufficient evidence of his continuous physical presence to qualify for cancellation of removal.[1]

The BIA also concluded that Aguilar-Manzo was statutorily ineligible for cancellation of removal because he "did not comply with the voluntary departure order." But it failed to address whether Aguilar-Manzo's motion to

---

[1] At the time, *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), had not yet clarified that a defective Notice to Appear does not trigger the stop-time rule for accrual of continuous physical presence.

reopen was filed "prior to the expiration of the period allowed for voluntary departure" such that it "terminat[ed] the grant of voluntary departure." 8 C.F.R. § 1240.26(e)(1). In particular, the BIA failed to consider a declaration from Aguilar-Manzo's counsel attesting, under penalty of perjury, to an attempt to file Aguilar-Manzo's motion for reopening prior to the termination of Aguilar-Manzo's period for voluntary departure.

The Government argues that Aguilar-Manzo has waived any challenge to the BIA's denial of his motion to reconsider. But Aguilar-Manzo's brief specifically asserts that the withdrawal of his cancellation of removal application and his failure to voluntarily depart—both of which the BIA relied upon as bases for denying his motion for reconsideration—occurred because the Supreme Court had not yet clarified the effect of a deficient Notice to Appear on the stop-time rule for cancellation of removal. Accordingly, Aguilar-Manzo's challenge is not waived. *Cf. Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) ("[I]ssues which are not specifically and distinctly argued and raised in a party's opening brief are waived.").

2. The BIA did not err in rejecting Aguilar-Manzo's jurisdictional argument, which, in any event, has been forfeited. *See id.*; *see also United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc) ("[T]he failure of [a Notice to Appear] to include time and date information does not deprive the immigration court of subject matter jurisdiction . . . .").

**PETITION DENIED IN PART; GRANTED IN PART.**

3                                                                22-54